UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

GREGORY T. CONAWAY,            )
   Plaintiff,                              )
                                               )
vs.                                              )      No. 15-3339
                                               )
SLAVADOR GODINEZ, et.al.,         )
   Defendants                           )

MERIT REVIEW ORDER

     This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

     The Plaintiff, a pro se prisoner, says his constitutional rights were violated at Western Illinois Correctional Center. The Plaintiff's complaint is 23 pages with 114 pages of exhibits attached. Although the document is typed, the print is very faint and difficult to read in portions. Nonetheless, Plaintiff's complaint does include numbered paragraphs listing each of his claims against each of the named Defendants.

     In most instances, Plaintiff has a paragraph listing general claims against a specific Defendant which does not provide enough specific information to put that Defendant on notice of the specific claim against him. However, immediately following this paragraph, Plaintiff

repeats or narrows his allegations with specific dates and events.[1] The Court notes the paragraphs containing general allegations are not sufficient to state a claim for relief, and therefore the Court has relied on the more specific paragraphs to interpret Plaintiff's intended claims. *See* Fed.R.Civ.Pro. 8(a)(2) *as interpreted by Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 557(2007)(a complaint must do more than provide a "naked assertion" devoid of "further factual enhancement."); *see also Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.")

Plaintiff begins with an incident on December 25, 2014, when he was called for visitation. Defendant Holder began making derogatory comments while complaining about Plaintiff's previous grievances. Specifically, the Defendant made reference to Plaintiff's "black ass" and called him an "animal." (Comp, p. 7). Plaintiff says the Defendant then retaliated against him for his grievances by sexually assaulting the Plaintiff during the required strip search. Plaintiff alleges the Defendant inserted a pen into his anus.

Plaintiff has adequately alleged Defendant Holder violated his First Amendment rights when he retaliated against him for his previous grievances with a sexually abusive strip search. The Plaintiff has also alleged the way the strip search was conducted was a violation of his Eighth Amendment rights.

On December 29, 2014, Plaintiff returned to the visiting room and Defendant Holder again verbally harassed him with racial and sexual comments. The Plaintiff does not allege any other inmates or guards were in the area, nor that the strip search was abusive. Once the search was complete, Defendant Holder spoke with Defendant Officer Watson and the two retaliated

---

[1] For example, paragraph one states Defendant Holder violated Plaintiffs Eight amendment rights based on racist comments and violated the Fourteenth Amendment based on retaliation for a grievance. (Comp, p.6) However, paragraph 2 provides specific dates and facts in support of Plaintiff's allegations against Defendant Holder.

and conspired against Plaintiff by having him "placed in segregation on totally fabricated charges." (Comp., p. 7). Plaintiff does not clarify the basis of those charges, but he has attached one disciplinary report to his complaint for the minor infraction of having unauthorized electronics and violation of rules.[2] (Comp., p. 57).

For the purposes of notice pleading, the Plaintiff has alleged Defendants Holder and Watson violated his First Amendment rights when they retaliated against him for his grievances by issuing a disciplinary report and they also conspired to deprive him of his constitutional rights.

Plaintiff claims Defendant Holder's verbal abuse during the strip search states a separate Eighth Amendment claims. However, "most verbal harassment by jail or prison guards does not rise to the level of cruel and unusual punishment." *Beal v. Foster*, 803 F.3d 356, 358 (7th Cir.2015). A constitutional claim "may arise where serious verbal harassment is accompanied by physical conduct, and/or where an officer's harassing conduct places an inmate in danger of physical harm, such as a potential assault by other prisoners." *Bardo v. Stolworthy*, 2015 WL 7713710, at *8 (S.D.Ill., 2015) ADD CITE DATE. Therefore, while the Plaintiff may introduce evidence of the verbal harassment in support of his claims, he had not stated a separate Eighth Amendment claim.

Plaintiff says Defendant Officer Barfield was the shift commander on December 29, 2014 and signed Plaintiff into segregation. (Comp., p. 8) Therefore, Plaintiff claims Barfield was responsible for moving his property to his new segregation cell. Plaintiff says he did not receive more than $800 worth of his property because Barfield was "negligent." (Comp, p. 8). "When an inmate's property has been intentionally destroyed by prison officials and the state provides an

---

[2] It is somewhat unclear how Defendant Holder or Watson were involved in the disciplinary charges, since neither officer wrote the disciplinary ticket. Nonetheless, the Plaintiff has stated a claim against each for the purposes of notice pleading.

adequate post-deprivation remedy, the inmate has no §1983 claim." *Marzette v. Walker*, 2004 WL 1152849, at *3 (N.D.Ill. May 24, 2004); *see also Hudson v Palmer*, 468 U.S. 517, 533 (2008)( holding that intentional deprivation of property does not violate due process so long as adequate state post-deprivation remedies are available). Plaintiff has an adequate post-deprivation remedy in state tort law. *See Wynn v. Southward*, 251 F.3d 588, 592-93 (7th Cir. 2001); *Parratt v. Taylor,* 451 U.S. 527, 543-544(1981). Therefore, he has failed to allege a constitutional violation. In addition, the fact that Officer Barfield was a supervisor is insufficient to establish he was personally involved in handling Plaintiff's property and therefore liable for any potential claim. *Burks v. Raemisch,* 555 F.3d 592, 593–94 (7th Cir.2009) ("Section 1983 does not establish a system of vicarious responsibility. Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise.") (internal citation omitted). Finally, "a defendant can never be held liable under §1983 for negligence." *Williams v Shaw*, 2010 WL 3835852 at 3 (S.D. Ill. Sept. 24, 2010).

      On January 7, 2015, Defendant Anderson sat on the committee which considered the disciplinary report for unauthorized electronics. The Defendant made reference to Plaintiff's previous grievances and then found him guilty of the ticket. Plaintiff received one month of C grade status and his television was confiscated. (Comp, p. 57). Plaintiff says Anderson found him guilty and specifically took his television, as opposed to other electronics, in retaliation for his previous grievances. Plaintiff has stated a First Amendment claim.

      Plaintiff says after he received the disciplinary ticket, he was taken to segregation where he lived for ten days without lights, a clogged sink, feces on the walls and an overflowing toilet. Consequently, Plaintiff says unknown Safety and Sanitation Coordinators, unknown Safety and Sanitation Officers and an unknown Medical Inspector are responsible for the operations of the

facility and they were deliberately indifferent to his living conditions. (Comp, p. 12).  It is not clear whether there are any individuals at Western Illinois Correctional Center with these specific titles.  Furthermore, as the Court has previously noted, the mere fact that an individual is a supervisor is insufficient to establish liability. *See Burks,* 555 F.3d at 593–94.

In addition, Plaintiff has identified various individuals who he claims he directly informed of the problems with his living conditions, but they took no action including: Counselor Tom Moore; Officers Hamilton, Duncan, Huston, Ham, Shepler, Banta, Tuter, Powers, Roberts, Haley, Bowen, Beswick, Dorsey, Forman, Ruble, and Parker; and Lieutenants Fishell and Law.  The Plaintiff further alleges these individuals refused to take action in retaliation for his complaints alleging Officer Holder sexually assaulted him.  Plaintiff has stated an Eighth Amendment claim based on his living conditions and a retaliation claim.

On April 13, 2015, Plaintiff states he was strip searched by Officer Duncan who stated "We got you now. A grievance is not going to help you." (Comp. 15)  The officer then took his eyeglasses which Plaintiff says he needs to see.  Plaintiff then repeatedly informed Eye Doctor John Doe that he needed his eye glasses, but Plaintiff did not receive another pair until more than five months later on October 8, 2015.  Plaintiff has stated a retaliation claim against Officer Duncan and an Eighth Amendment violation against Eye Doctor John Doe for the delay in providing glasses.

Plaintiff makes various accusations in his complaint based on the grievance procedure. For instance, he claims Grievance Officer Tara Goins violated his constitutional rights when she either "disregarded" grievances, or failed to consider his complaints by finding the grievance was untimely. (Comp., p. 9).  In addition, Administrative Review Board Member Debbie Knauer failed to investigate his grievances.  Warden Korte also found Plaintiff's complaint about the

5

grievance procedure was not an emergency and the Warden failed to respond to numerous letters Plaintiff sent to him. (Comp., p. 10) Furthermore, Defendant Illinois Department of Corrections Director Salvador Godinez failed to respond to numerous certified letters Plaintiff sent to him informing him of his various complaints.

The Plaintiff has attached numerous exhibits to his complaint which demonstrate many grievances were rejected as either untimely or for failure to follow the grievance procedures. (Comp., p. 46, 54, 60, 67, 70, 73). In addition, Defendant Goins investigated Plaintiff's claims of sexual abuse by passing his claims on to the Internal Affairs Division for investigation. (Comp., p. 45). His grievance was later denied.

Plaintiff has failed to state a constitutional violation based on any of these allegations. First, "[p]rison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause" of the Fourteenth Amendment. *Owens v. Hinsley,* 635 F.3d 950, 953 (7th Cir.2011) (citations omitted). The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, standing alone, violate the Constitution. *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir.1992); *Shango v. Jurich,* 681 F.2d 1091, 1100–01 (7th Cir.1982). Second, "a failure by a prison official to properly investigate an attack or respond to a prisoner's grievance— on its own—does not violate the United States Constitution." *Smith v. Eovaldi*, 2015 WL 4090350, at *3 (S.D.Ill. July 6, 2015); *see also Owens v. Hinsley,* 635 F.3d 950, 953 (7th Cir. 2011) ("[T]he alleged mishandling of [a prisoner's] grievance by persons who otherwise did not cause or participate in the underlying conduct states no claim."); *Geiger v. Jowers,* 404 F.3d 371, 374 (5th Cir.2005) (prisoner had no claim for "failure to investigate" a grievance because there was no "protected liberty interest" in having the grievance "resolved to his satisfaction"). Third,

a grievance is properly denied if Plaintiff does not follow the proper procedures. *Pozo v. McCaughtry*, 286 F.3d 1022, 1023-24 (7th Cir. 2002)(prisoner "must file complaints and appeals in the place, and at the time, the prison's administrative rules require."); *Green v Litscher,* 103 Fed. Appx 24, 27 (7th Cir. 2004) ("a prisoner must complete the grievance process by following the rules that the facility has established.")  Fourth, "Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation" and therefore is not a basis for liability. *See George v. Smith,* 507 F.3d 605, 609 (7th Cir.2007).

In short, Plaintiff seems to allege "anyone who knows about a violation of the Constitution, and fails to cure it, has violated the Constitution himself," but this theory "is not correct. Only persons who cause or participate in the violations are responsible." *See George*,507 F.3d at 609-10.

Plaintiff next claims Warden Goins, Director Godinez, Assistant Warden Ruiz and Director Baldwin, were each "grossly negligent" in managing staff, because none of them responded to his complaints or tried to fix the various problems he has alleged.  Plaintiff says the Defendants were deliberately indifferent in violation of his constitutional rights. (Comp., p. 10, 11).  In addition, Plaintiff says he wrote various letters to Internal Affairs Lieutenant Megginson and Assistant Warden Ruiz, but neither responded nor did anything to address his complaints.

"Mere negligence or even gross negligence does not constitute deliberate indifference." *Borello v. Allison,* 446 F.3d 742, 749 (7th Cir. 2006).  In addition, Plaintiff has not alleged that any of these individuals was directly involved in his allegations, and "a supervisor cannot be held vicariously liable for the actions of others." *Garvin v. Armstrong,* 236 F.3d 896, 899 (7th Cir. 2001).  Plaintiff "cannot establish personal involvement and subject an official to liability under § 1983 based merely upon a …letter writing campaign." *Catrabone v. Farley*, 1995 WL 646281,

at *6 (N.D.Ind. Oct. 10, 1995); *see also Lieberman v. Budz*, 2010 WL 369614, at *4 (N.D.Ill.,2010)(" Plaintiff cannot establish personal involvement on the part of Defendants based on letters he allegedly wrote notifying them about the misconduct."); *Crawford v. Roth,* 1994 WL 96659, *3 (N.D.Ill.1994) (prison warden's failure to respond to inmate's letter apprising warden of misconduct by subordinates insufficient to subject warden to personal liability); *Johnson v. Snyder,* 444 F.3d 579, 583-84 (7th Cir.2006) (letters to Director "insufficient to create a genuine issue of material fact regarding personal responsibility of Director, where Director had delegated responsibility for reviewing grievances, and there was no evidence that Director had read letters).

Plaintiff next says Mental Health Works Lynch and Teel violated his rights when they ignored his letters and "failed to inform me of the procedures for reporting sexual assault." (Comp., p. 11). Also, Health Care Unit Administrator Fuqua was deliberately indifferent because she failed to take action after Plaintiff sent her letters informing her that members of her staff were violating his constitutional rights.

The Plaintiff has not clearly stated a claim pursuant to §1983. His only allegation against Lynch and Goins was they failed to tell him how to report a sexual assault, but Plaintiff had already reported the assault through the grievance procedure the day he alleges it occurred. Furthermore, the Plaintiff has not articulated how Fuqua violated his constitutional rights based on the allegations in his complaint.

Plaintiff includes a vague allegation that Wexford Health Sources failed to adequately train its employees. (Comp., p. 11) Plaintiff does not specify what employees, nor what training was lacking. The Plaintiff has failed to articulate a constitutional violation.

Finally, the Court notes throughout his complaint, Plaintiff makes reference to violations of the Fourteenth Amendment and official capacity claims, but he has failed to articulate relevant violations.

Plaintiff has also filed a motion for appointment of counsel. [5]  In considering the Plaintiff's motion, the court asks: "(1) has the indigent Plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007), *citing Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir.1993). While Plaintiff has not provided evidence of his efforts to find counsel with his complaint, he has provided copies of relevant letters as exhibits his complaint.

Nonetheless, the Court finds that based on the Plaintiff's complaint, he is competent to represent himself at this stage of the proceedings.  Plaintiff has coherently set forth each of his allegations and has provided a factual basis for each claim.  Plaintiff has also attached relevant discovery to his complaint.  Once the Defendants are served, the Court will order them to provide the Plaintiff with additional, relevant discovery and will provide important information to assist a pro se litigant.  Based on the information available the to the court, Plaintiff's motion is denied. [5]

IT IS THEREFORE ORDERED that:

1) Pursuant to its merit review of the complaint under 28 U.S.C. § 1915A, the court finds the Plaintiff alleges:

a) Defendant Holder violated his First Amendment rights when he retaliated against him for his previous grievances with a sexually abusive strip search on December 25, 2014.
b) Defendant Holder violated Plaintiff's Eighth Amendment rights with a sexually abusive strip search on December 25, 2014.

c) Defendants Holder, Watson and Anderson violated Plaintiff's First Amendment rights when they retaliated against him for his grievances by either issuing a disciplinary report on December 29, 2014 or finding him guilty of the infraction and taking his television.
d) Defendants Holder and Watson conspired to deprive Plaintiff of his constitutional rights on December 29, 2014.
d) Defendants Tom Moore; Officers Hamilton, Duncan, Huston, Ham, Shepler, Banta, Tuter, Powers, Roberts, Haley, Bowen, Beswick, Dorsey, Forman, Ruble, and Parker; and Lieutenants Fishell and Law violated his Eighth Amendment rights based on his living conditions in segregation for ten days in April of 2015.
e) Defendants Tom Moore; Officers Hamilton, Duncan, Huston, Ham, Shepler, Banta, Tuter, Powers, Roberts, Haley, Bowen, Beswick, Dorsey, Forman, Ruble, and Parker; and Lieutenants Fishell and Law retaliated against the Plaintiff for his complaints of sexual abuse by keeping him in an unsanitary cell for ten days.
f) Officer Duncan retaliated against the Plaintiff for his grievances when he took his glasses and refused to return them on April 13, 2015.
g) Eye Doctor John Doe violated Plaintiff's Eighth Amendment rights when he failed to provide Plaintiff with glasses for more than five months.

The claims are stated against the Defendants in their individual capacities only. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from service to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

6) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' Counsel.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

**1) Dismiss Defendants Godinez, Baldwin, Korte, Ruiz, Megginson, Barfield, Goins, John Doe Safety and Sanitation Coordinator #1 and #2, John Doe Medical Inspector, Wexford, Deborah Fuqua, Teel, Lynch, and Knauer for failure to state a claim upon which relief can be granted pursuant to by 28 U.S.C. §1915A; 2) deny Plaintiff's motion for appointment of counsel; [5] 3) Attempt service on Defendants pursuant to the standard procedures; 4) set an internal court deadline 60 days from the entry of this order for the court to check on the status of service and enter scheduling deadlines and 5) enter the Court's standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

ENTERED this 16th day of December, 2015.

/s/Harold A. Baker

HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE