## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| GREGORY T. CONAWAY, N83890, | ) |
| Plaintiff, | ) ) ) |
| -vs- | ) No. 15-3339 |
| SALVADOR GODINEZ, et. al., | ) ) ) |
| Defendants. | ) |

### ANSWER AND AFFIRMATIVE DEFENSES

NOW COMES the Defendants, RICK ANDERSON, JOHN HAMILTON, ROBERT FISHEL, BRYON LAW, TOM MOORE, JAMES HOLDER, JIM WATSON, CORY HUSTON, MR. DUNCAN, TODD HAM, TODD SHEFFLER, ALEX BANTA, TIMOTHY TUTOR, ROBERT POWERS, T. ROBERTS, A. HALEY, BRADLEY BOWEN, MATT BESWICK, RICK FORMAN, RICHARD RUBLE, and ISAAC DORSEY by and through their attorney, Lisa Madigan, Attorney General for the State of Illinois, and hereby submit their Answer and Affirmative Defenses to Plaintiff's Complaint (Document 1), pursuant to the Court's Merit Review Order (Document 7), stating as follows:

### ALLEGATIONS ENUMERATED IN THE MERIT
### REVIEW ORDER DATED DECEMBER 16, 2015:

1.  Plaintiff begins with an incident on December 25, 2014, when he was called for visitation. Defendant Holder began making derogatory comments while complaining about Plaintiff's previous grievances. Specifically, the Defendant made reference to Plaintiff's "black ass" and called him an "animal." Plaintiff says the Defendant then retaliated against him for his grievances by sexually assaulting the Plaintiff during the strip search. Plaintiff alleges the Defendant inserted a pen into his anus.

**ANSWER: Defendant Holder admits the Plaintiff was strip searched before his visit on December 25, 2014, but denies the remaining allegations in this paragraph. The remaining Defendants lack knowledge sufficient to either admit or deny the allegations in this paragraph.**

2. On December 29, 2014, Plaintiff returned to the visiting room and Defendant Holder again verbally harassed him with racial and sexual comments. The Plaintiff does not allege any other inmates or guards were in the area, nor that the strip search was abusive. Once the search was complete, Defendant Holder spoke with Defendant Officer Watson and the two retaliated and conspired against Plaintiff by having him "placed in segregation on totally fabricated charges."

**ANSWER: Defendant Watson admits Plaintiff was on a visit on December 29, 2014, and that he wrote Plaintiff a disciplinary ticket that day. Defendants Holder and Watson deny the remaining allegations in this paragraph. The remaining Defendants lack knowledge sufficient to either admit or deny the allegations in this paragraph.**

3. On January 7, 2015, Defendant Anderson sat on the committee which considered the disciplinary report for unauthorized electronics. The Defendant made reference to Plaintiff's previous grievances and then found him guilty of the ticket. Plaintiff received one month of C grade status and his television was confiscated. Plaintiff says Anderson found him guilty and specifically took his television, as opposed to other electronics, in retaliation for his previous grievances. Plaintiff has stated a First Amendment claim.

**ANSWER: Defendant Anderson admits he was the Chairperson of the Program Committee on January 7, 2015, which heard Plaintiff's disciplinary ticket charging him with Contraband/Unauthorized Property and Violation of Rules. Defendant Anderson admits Plaintiff was found guilty of both charges and received 1 month C grade status. Defendant Anderson admits Plaintiff's television was disposed of in accordance with Departmental Rules. Defendant Anderson denies the remaining allegations in this paragraph. The remaining Defendants lack knowledge sufficient to either admit or deny the allegations in this paragraph.**

4.   Plaintiff says after he received the disciplinary ticket, he was taken to segregation where he lived for ten days without lights, a clogged sink, feces on the walls and an overflowing toilet. Consequently, Plaintiff says unknown Safety and Sanitation Coordinators, unknown Safety and Sanitation Officers and unknown Medical Inspector are responsible for the operations of the facility and they were deliberately indifferent to his living conditions.

**ANSWER: Defendants admit Plaintiff was in segregation in January 2015. Defendants deny the remaining allegations in this paragraph.**

5.   In addition, Plaintiff has identified various individuals who he claims he directly informed of the problems with his living conditions, but they took no action including: Counselor Tom Moore; Officers Hamilton, Duncan, Huston, Ham, Shepler, Banta, Tuter, Powers, Roberts, Haley, Bowen, Beswick, Dorsey, Forman, Ruble, and Parker; and Lieutenants Fishell and Law. The Plaintiff further alleges these individuals refused to take action in retaliation for his complaints alleging Officer Holder sexually assaulted him.

**ANSWER: Defendants deny the allegations in this paragraph and deny the claims against them.**

6. On April 13, 2015, Plaintiff states he was strip searched by Officer Duncan who stated "We got you now. A grievance is not going to help you." The officer then took his eyeglasses which Plaintiff says he needs to see. Plaintiff then repeatedly informed Eye Doctor John Doe that he needed his eye glass, but Plaintiff did not receive another pair until more than five months later on October 8, 2015.

**ANSWER: Defendant Duncan lacks knowledge sufficient to either admit or deny whether he conducted a strip search of the Plaintiff on April 13, 2015. Defendant Duncan denies the remaining allegations in this paragraph. The remaining Defendants lack knowledge sufficient to either admit or deny the allegations in this paragraph.**

7. Pursuant to its merit review of the complaint under 28 U.S.C § 1915A, the court finds that Plaintiff alleges:

   a. Defendant Holder violated his First Amendment rights when he retaliated against him for his previous grievances with a sexually abusive strip search on December 25, 2014.

**ANSWER: Defendants deny the allegations in this paragraph and deny violating any of the Plaintiff's constitutional rights.**

   b. Defendant Holder violated Plaintiff's Eighth Amendment rights with a sexually abusive strip search on December 25, 2014.

**ANSWER: Defendants deny the allegations in this paragraph and deny violating any of the Plaintiff's constitutional rights.**

    c. Defendants Holder, Watson and Anderson violated Plaintiff's First Amendment rights when they retaliated against him for his grievances by either issuing a disciplinary report on December 29, 2014 or finding him guilty of the infraction and taking his television.

**ANSWER: Defendants deny the allegations in this paragraph and deny violating any of the Plaintiff's constitutional rights.**

    d. Defendants Holder and Watson conspired to deprive Plaintiff of his constitutional rights on December 29, 2014.

**ANSWER: Defendants deny the allegations in this paragraph and deny violating any of the Plaintiff's constitutional rights.**

    e. Defendants Tom Moore; Officers Hamilton, Duncan, Huston, Ham, Shepler, Banta, Tuter, Powers, Roberts, Haley, Bowen, Beswick, Dorsey, Forman, Ruble, and Parker; and Lieutenants Fishell and Law violated his Eighth Amendment rights based on his living conditions in segregation for ten days in April of 2015.

**ANSWER: Defendants deny the allegations in this paragraph and deny violating any of the Plaintiff's constitutional rights.**

    f. Defendants Tom Moore; Officers Hamilton, Duncan, Huston, Ham, Shepler, Banta, Tuter, Powers, Roberts, Haley, Bowen, Beswick, Dorsey, Forman, Ruble, and Parker; and Lieutenants Fishell and Law retaliated against the Plaintiff for his complaints of sexual abuse by keeping him in an unsanitary cell for ten days.

**ANSWER: Defendants deny the allegations in this paragraph and deny violating any of the Plaintiff's constitutional rights.**

 g. Officer Duncan retaliated against the Plaintiff for his grievances when he took his glasses and refused to return them on April 13, 2015.

**ANSWER: Defendants deny the allegations in this paragraph and deny violating any of the Plaintiff's constitutional rights.**

 h. Eye Doctor John Doe violated Plaintiff's Eighth Amendment rights when he failed to provide Plaintiff with glasses for more than five months.

**ANSWER: Defendants deny the allegations in this paragraph and deny violating any of the Plaintiff's constitutional rights.**

### RIGHT TO RELIEF

**Defendants deny Plaintiff is entitled to any relief whatsoever.**

### JURY DEMAND

**Defendants demand a trial by jury.**

### AFFIRMATIVE DEFENSES

1. At all times relevant to Plaintiff's claims, Defendants charged herein acted in the good faith performance of their official duties without violating Plaintiff's clearly established constitutional rights. Defendants are protected from liability by the doctrine of qualified immunity.

2. To the extent Plaintiff is suing Defendants for declaratory relief or injunctive relief not intended to address ongoing violations, Plaintiff's requests for such relief are barred by the Eleventh Amendment, sovereign immunity, and the Prison Litigation Reform Act.

3. Plaintiff has filed suit concerning prison conditions while in the Department of Corrections. Plaintiff has failed to properly exhaust his administrative remedies as is required prior to filing suit under 42 U.S.C. §1983, his claims are barred by the Prison Litigation Reform Act (42 U.S.C. §1997e(a)) and <u>Perez v. Wisconsin Dept. of Corrections</u>, 182 F. 3d 532 (7th Cir. 1999).

WHEREFORE, Defendants respectfully request that this Court deny all relief sought by Plaintiff and enter judgment in their favor.

Respectfully submitted,

RICK ANDERSON, JOHN HAMILTON, ROBERT FISHEL, BRYON LAW, TOM MOORE, JAMES HOLDER, JIM WATSON, CORY HUSTON, MR. DUNCAN, TODD HAM, TODD SHEFLER, ALEX BANTA, TIMOTHY TUTOR, ROBERT POWERS, T. ROBERTS, A. HALEY, BRADLEY BOWEN, MATT BESWICK, RICK FORMAN, RICHARD RUBLE, and ISAAC DORSEY,

Defendants,

LISA MADIGAN, Attorney General,
State of Illinois,

Attorney for the Defendants,

  s/ Melissa A. Jennings
Melissa A. Jennings,  #6300629
Assistant Attorney General
500 South Second Street
Springfield, IL   62706
Phone: (217) 782-5819
Fax: (217) 524-5091
E-Mail: mjennings@atg.state.il.us

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**

| | |
|---|---|
| GREGORY T. CONAWAY, N83890, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | )   No.  15-3339 |
| | ) |
| SALVADOR GODINEZ, et. al., | ) |
| | ) |
| Defendants. | ) |

**CERTIFICATE OF SERVICE**

I hereby certify that on March 15, 2016, I electronically filed Defendants' Answer and Affirmative Defenses, with the Clerk of the Court using the CM/ECF system, which will send notification of same to the following:

and I hereby certify that on the same date, I mailed by United States Postal Service, the described document to the following non-registered participant:

Gregory T. Conaway, #N-83890
Pinckneyville Correctional Center
P. O. Box 999
Pinckneyville, IL 62274

Respectfully submitted,

  s/ Melissa A. Jennings
Melissa A. Jennings,  #6300629
Assistant Attorney General
500 South Second Street
Springfield, IL   62706
Phone: (217) 782-5819
Fax: (217) 524-5091
E-Mail: mjennings@atg.state.il.us